

FILED

AUG 5 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>PETER SZANTO,<br>    Debtor. | BAP No. OR-20-1167-LBT<br><br>Bk. No. 3:16-bk-33185-pcm7 |
| PETER SZANTO,<br>   Appellant,<br>v.<br>CANDACE AMBORN, Chapter 7 Trustee,<br>   Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Oregon
Peter C. McKittrick, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Peter Szanto appeals the bankruptcy court's denial

of his demand to return assets and its subsequent denial of his motion to

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

vacate under Civil Rule 60(b), applicable via Rule 9024. Because we find Szanto's arguments frivolous, we AFFIRM.

## FACTS

Szanto filed a chapter 11 bankruptcy in 2016. In December 2017, the bankruptcy court converted his case to chapter 7 over his objection, based on Szanto's failure to comply with the court's order prohibiting him from transferring estate property. Then, in March 2020, the bankruptcy court entered an order denying Szanto's discharge based primarily on his failure to disclose assets.[2] The motions underlying this appeal are only a sample of Szanto's numerous attempts to sidestep the consequences of conversion.[3]

In May 2020, Szanto filed a document entitled "Peter Szanto's Notice of Demand for Immediate Return of all of Peter Szanto's Bankruptcy Estate Assets and All of Susan Szanto's Separate Property Assets" (the "Demand"). Szanto argued in the Demand that he was entitled to the return of his bankruptcy estate's assets and alleged separate property of his wife. He also accused the bankruptcy judge of, among other things,

---

[2] That judgment was affirmed by this Panel (BAP No. OR-20-1106-TLB) in April 2021.

[3] Among other things, Szanto moved to postpone the post-conversion § 341(a) meeting of creditors, to remove the chapter 7 trustee, to dismiss the case, and to disqualify the bankruptcy judge.

As we noted in our decision affirming the judgment denying discharge, Mr. Szanto is not an ordinary pro se debtor. This is his third bankruptcy case; he has a master's degree in business administration with a specialty in accounting and a law degree; and he is a serial litigant and a party to at least fifteen litigation cases nationwide.

predetermining that he would deny his discharge and "expropriate" all of Szanto's assets "the moment Szanto walked into [the judge's] court in 2016." No party requested a hearing or objected to the Demand, and the court denied it without a hearing, finding it frivolous and "the latest example of Debtor's long-standing efforts to avoid the consequences of the conversion of this case to chapter 7, all of which efforts this court has denied." The court continued:

> As a threshold matter, the Demand is completely devoid of any evidentiary support for the factual assertions made therein. The Demand is also completely lacking in any reasoned argument. The Bankruptcy Code and Federal Rules of Bankruptcy Procedure include specific and detailed instructions regarding the distribution of estate assets. *See* Bankruptcy Code, Chapter 7, Subchapter II; Fed. R. Bankr. P., Part III. Administration of this chapter 7 case is not complete. There is no authority under which this Court may bypass applicable statutes and rules and allow the release of estate funds to Debtor. Finally, to the extent Debtor is attempting to raise claims on behalf of his wife, this court has repeatedly told Debtor that he does not represent, and may not assert claims on behalf of, his wife. If Debtor's wife wishes to assert claims in this bankruptcy case, she must do so personally or via a licensed attorney.

Szanto filed a timely motion for relief under Civil Rule 60 ("Motion to Vacate"), asking the court to vacate the Demand Order. Specifically, Szanto invoked subsection (b)(1) of Civil Rule 60, which provides that a court may relieve a party from a final order for "mistake, inadvertence, surprise, or

3

excusable neglect." Szanto argued that the bankruptcy court made two mistakes of law in denying the Demand. First, he asserted that he was an involuntary chapter 7 debtor but that none of the formalities required under § 303 had occurred. Second, he asserted that the bankruptcy court erred in its application of community property law, arguing that he and his wife were entitled to change the character of their community property. He also filed a declaration attaching a copy of the District Court's order denying his emergency motion to stay the § 727(a) trial, which included the language: "on December 5, 2017, the Bankruptcy Court converted Szanto's voluntary Chapter 11 petition to an involuntary Chapter 7 bankruptcy case[.]"

Again, no party requested a hearing or filed an opposition, and the bankruptcy court denied the motion without a hearing. The bankruptcy court found the Motion to Vacate frivolous. As for the purported mistakes of law, the court rejected Szanto's argument that his case was governed by § 303, noting that Szanto took the District Court's statement out of context and that the District Court's order also stated that once the case was converted to chapter 7, Szanto's assets became property of the bankruptcy estate, subject to exemptions. The court also rejected Szanto's community property argument, noting that the Demand requested the return of Mrs. Szanto's separate, not community, property and that Szanto had stated on his schedules, under penalty of perjury, that he and his wife have no community property.

4

Szanto timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in denying the Demand?

Did the bankruptcy court abuse its discretion in denying the Motion to Vacate?

## STANDARDS OF REVIEW

Szanto's Demand does not neatly square with any relief specifically authorized by the Bankruptcy Code, but it most closely resembles a motion for abandonment. With respect to such a motion, once a bankruptcy court has determined whether the factual predicates for abandonment are present, the bankruptcy court's decision to authorize or deny abandonment is reviewed for abuse of discretion. *Viet Vu v. Kendall (In re Viet Vu)*, 245 B.R. 644, 647 (9th Cir. BAP 2000).

We review a bankruptcy court's denial of a motion under Civil Rule 60(b) for abuse of discretion. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal

5

standard was illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

### A.  Scope of Appeal.

Although Szanto filed the Motion to Vacate before the time to appeal the Demand Order had expired, his notice of appeal references only the order denying his Motion to Vacate. His appellate briefing, while difficult to follow, asserts error in the denial of the Demand Order. Additionally, appellee has briefed the propriety of the Demand Order as well as the order denying the Motion to Vacate. Accordingly, we may review both orders. *See Watson v. Shandell (In re Watson)*, 192 B.R. 739, 742 n.3 (9th Cir. BAP 1996), *aff'd*, 116 F.3d 488 (9th Cir. 1997) (table).

### B.  The bankruptcy court did not err in denying the Demand.

In the bankruptcy court, Szanto provided no legal authority or factual basis (or admissible evidence) for his assertion that his bankruptcy estate's assets should be returned to him. As the bankruptcy court found, the chapter 7 case was still being administered. And we note that Szanto asserted no grounds upon which the chapter 7 trustee could have been ordered to abandon any estate assets. *See* § 554(b) (authorizing bankruptcy court to order abandonment of estate property on request of a party in interest, and after notice and a hearing, if the property in question is "burdensome to the estate or . . . is of inconsequential value and benefit to

6

the estate."). Under these circumstances, the bankruptcy court did not err in denying the Demand.

On appeal, Szanto asserts no plausible grounds for reversing the bankruptcy court's ruling on the Demand Order. His theory seems to be that once his discharge was denied, the case should have been closed and his assets returned. He contends that the "seizure" of his assets violated his Fourth Amendment rights because it was done without notice and that the "expropriation" of his assets contributed to his wife's ill health and eventual death. Szanto, however, cites no legal authority or factual basis in the record to support his theories or assertions. The chapter 7 trustee is duty-bound to administer all estate assets. *See* § 704(a)(1). Szanto has cited no plausible ground for the trustee to deviate from this duty.

**C.    The bankruptcy court did not abuse its discretion in denying the Motion to Vacate.**

Szanto requested the bankruptcy court vacate the Demand Order pursuant to Civil Rule 60(b)(1), which provides that a court may relieve a party from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect." But the Motion to Vacate was filed within the appeal period for the Demand Order. As such, it was governed by Civil Rule 59(e), applicable via Rule 9023. *Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 112 (9th Cir. BAP 2013). To be entitled to relief under that rule, the movant must show: "(a) newly discovered evidence, (b) the court committed clear error or made an initial decision that was manifestly

7

unjust, or (c) an intervening change in controlling law." *Id.* (citation omitted). "A [Civil] Rule 59(e) motion may **not** be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted; emphasis in original).

In this appeal, the distinction is of no consequence. Szanto's motion asserted mistakes of law on the part of the bankruptcy court: first, that the court erred in finding that Szanto's bankruptcy case was not an involuntary case; and second, that the court erred in finding that he and his wife had no community property and that he could not assert claims on behalf of his wife. As for the first issue, the bankruptcy court did not err in finding that the bankruptcy case was not an involuntary case, despite the District Court's statement that the case had been converted from a voluntary chapter 11 case to an "involuntary" chapter 7. As the bankruptcy court found, Szanto took this statement out of context, and there is nothing in the District Court's order to support his argument that he is entitled to the return of his assets at this time.

With respect to the second issue, community property belongs to the estate, § 541(a)(2), and the court noted in its order denying the Motion to Vacate that it had told Szanto numerous times that this was the case. In any event, the Demand had requested the return of Mrs. Szanto's separate property, and Szanto cited no authority that he could assert claims on behalf of his wife with respect to her separate property.

In this appeal, Szanto cites no legal or factual basis in the record to support his contention that the bankruptcy court erred in finding that his case is not an involuntary chapter 7 governed by § 303, nor has he otherwise shown that the bankruptcy court abused its discretion in denying his Motion to Vacate.

## CONCLUSION

For these reasons, the bankruptcy court did not err in denying the Demand nor did it abuse its discretion in denying the Motion to Vacate. Accordingly, we AFFIRM.